**Austin F. DREXLER, Appellant,**

v.

**BRYAN BUILDING PRODUCTS COMPANY, Appellee.**

No. 4419.

Court of Civil Appeals of Texas.

Waco.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, for appellant.

W. C. Davis, Bryan, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendant Drexler from an adverse judgment on his cross-action against plaintiff Bryan Building Products, hereafter referred to as BBP.

Plaintiff BBP sued defendant Drexler for debt for $2471. Drexler admitted such debt, but by cross-action for breach of contract, asserted claim against plaintiff for $7382. Drexler alleged BBP agreed in writing to furnish window units for the construction of Harrison School for $1526; that Drexler accepted such proposal; and, relying on same, bid on the Harrison School project, and was awarded the contract; that BBP refused to perform its contract; and that Drexler had been damaged $7382, in that it had another supplier furnish the windows for $7382 more than the price bid by BBP.

BBP denied that it contracted to furnish the windows for $1526; asserted its proposal to furnish such windows for $1526 was conditional; asserted Drexler did not submit a purchase order as called for in its proposal; and asserted its proposal did not become a contract.

BBP further plead that on March 28, 1963 its submitted 2 proposals to Drexler to furnish window units for 2 construction jobs Drexler was bidding on; the Harrison job which was a 6 classroom school with

28 windows, and the Roosevelt job which was a 2 classroom school with 6 windows; that BBP erroneously inserted the Roosevelt figure of $1526 into the Harrison proposal, and erroneously inserted the Harrison figure of $10,228 into the Roosevelt proposal; that such figures were mistakenly reversed and that Drexler knew, or should have known, that the quotations were erroneously reversed.

Trial was to a jury which found:

1) Drexler and BBP did not unconditionally agree that BBP would sell Drexler the window units for the $1526 recited in BBP's proposal.

2) The insertion of $1526 into the bid of BBP was a mistake on the part of BBP.

3) Drexler did not discover the mistake prior to accepting the bid made by BBP.

4) The mistake was caused by the failure of BBP to exercise that minimum degree of care which Drexler might reasonably expect its bidders to exercise.

The trial court entered judgment for BBP for its suit for debt, and decreed that Drexler take nothing by its cross action.

Drexler appeals from the take-nothing judgment on its cross-action, contending:

1) The evidence shows as a matter of law there was a contract between the parties.

2) Under the record, there was a unilateral mistake on BBP's part which, as a matter of law, precludes BBP from equitable relief.

The record reflects Drexler was a general contractor, and BBP a furnisher of material; that BBP made proposals to Drexler to furnish window units for 2 jobs Drexler was bidding on; that BBP submitted its proposal to Drexler for the Harrison 6 classroom 28 window school, and for the Roosevelt 2 classroom 6 window school; that BBP mistakenly reversed the figure so that a $1526 price was stated on the Harrison proposal, and a $10,228 price was stated on the Roosevelt proposal. BBP's proposals were given Drexler on March 28, 1963. BBP's proposals stated: "All quotations are subject to prompt acceptance and transmittal of order. Prices are subject to change without notice. Terms of Sale: All items subject to the approval of our credit department." Drexler accepted the Harrison proposal by letter to BBP on March 29, 1963 which BBP received on April 1, 1963. On April 1, 1963 BBP wrote Drexler that they could not accept his letter of March 29th in lieu of a purchase order, and sent him corrected copies of the proposal reflecting a $10,228 price for the windows for the Harrison job.

Drexler thereafter contracted to build the Harrison school; built same and purchased the windows from another supplier for $7382 more than the $1526 recited in BBP's original proposal.

Mr. Drexler testified in prior dealings with BBP that proposals had been accepted through the process of issuing a purchase order; and the record reflects that in the building trade proposals as here are almost exclusively accepted with a written purchase order. Mr. Drexler further testified as to how a contract is entered into with the suppliers:

"Q. Can you tell us the usual procedure of entering into a contract after being awarded the contract?

"A. Normally all you do is check with the various suppliers and contractors to see if everything is in order, and if there is any price differential you iron it out, and then you enter into a contract."

Further, the record is undisputed, and Mr. Drexler admitted, that he had learned of the mistake in the proposals prior to the

time he entered the contract with the School Board to build the Harrison School.

Assuming without deciding that a contract existed between BBP and Drexler, the conditions of remedial mistake are present, and equitable relief will be granted against BBP's unilateral mistake. Taylor & Son, Inc. v. Arlington Ind. Sch. Dist., Sup.Ct., 335 S.W.2d 371, holds that even after acceptance of a bid but before execution of contract contemplated by the parties, a bidder for a public contract who makes a remedial mistake in his bid may, by giving notice thereof before material change of position to detriment of the offeree, obtained rescission of bid or relief against its enforcement. Negligence is distinguished by the Taylor case supra, "from a clerical or inadvertent error in handling items of a bid, either through setting them down or transcription," as the undisputed evidence reflects was the situation in this case.

The judgment is correct.

Affirmed.